JOSHUA MOORE, by his next friend, JAMES M. MOORE, plaintiff in error, vs. JAMES N. COLLY, defendant in error.

The judgment of the Circuit Court granting a new trial will not be disturbed, unless his discretion has been flagrantly abused. Much less will this Court interfere when their opinion coincides with that of the Judge below, as regards the merits of the case.

Motion for New Trial.    Decided by Judge WORRILL.    In Marion Superior Court.    March Term, 1861.

The plaintiff in error brought an action for words against the defendant. The words imputed the crime of bestiality.

The defendant justified, and proved the truth of his plea by a witness named Everett.

Plaintiff proved by seven witnesses, who had known him for ten years, that he was of good moral character and good standing in the community.

Defendant proved by six witnesses that they heard the report mentioned by Everett before the speaking of the words by the defendant, and that it always originated with Everett. They all testified that they knew the plaintiff, and that he was a young man of moral character.

Defendant proved by another witness that the witness was teaching school at the time mentioned by Everett, and that the latter mentioned it to him. Also, that the plaintiff was going to school at the time, and was a boy of good character.

By another witness, defendant proved acts of unchastity by plaintiff with negro women, and plaintiff's admission of other acts of the same kind with such women, one of them, as the plaintiff said he believed, resulting in pregnancy.

The jury found for the plaintiff six hundred and thirty-three dollars and thirty-three cents damages.

The defendant moved for a new trial, upon the ground, among others, that the verdict was contrary to the evidence; and the Court granted it. This is assigned as error.

BLANFORD & CRAWFORD, for plaintiff in error.

SMITH, for defendant.

LUMPKIN, C. J.

The judge, in the exercise of his discretion, has seen fit to grant the defendant a new trial. Can we say that his discretion was flagrantly abused? Everett, the witness who supported the plea of justification, was full and minute in his evidence. Decency forbids that I should recapitulate his testimony. Sufficient to say that he had every

opportunity of seeing and knowing the truth of what he testified to. He stood in a few !yards of the party. He communicated it to the teacher immediately. *No attempt has been made to impeach his testimony.* The plaintiff relies only upon proof of his good character. One witness, himself unimpeached, seriously damages his character. The judge thought proper, under these circumstances, to award a new trial. We will not disturb his judgment.

Judgment affirmed.